# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HOLDEN M. RESTER,      )
              )
     Plaintiff,     )
v.             )   Civil Action No. 1:25-cv-01902 (UNA)
              )
              )
UNITED STATES OF AMERICA, et al.,  )
              )
     Defendants.    )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application, and as explained in more detail below, dismisses this case without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of New Orleans, sues the United States, the U.S. President and Vice President, and numerous other federal officials and agencies. *See* Compl. at 1, 14–17. He contends that "the events giving rise to [his] claims [have] occurred nationwide" from January 20, 2025, to date, and he challenges multiple "major policy decisions" constituting "a pattern of ongoing systemic violations of constitutional rights by federal officials and agencies." *See id*. at 9. He alleges that Defendants' wrongdoing has violated numerous laws, *see id*. at 7–8, and has manifested in "executive overreach and unlawful orders," "suppression of free speech and protest," "unlawful surveillance and data collection," "retaliation and targeting of protected groups," "inhumane treatment and conditions," and "lack of oversight and transparency," *see id*. at 9–10.

He demands assorted equitable relief "necessary to halt the continued violations, restore public trust, and protect the fundamental liberties of all people under U.S. jurisdiction," *see id.* at 12–13.

Accepting all of the allegations as true at this stage as obligated, *see Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009), Plaintiff has nonetheless failed to establish standing in this matter. Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that she has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). As here, "a defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff does not allege a redressable injury that is particularized to himself. The Complaint lacks any factual allegations showing that he sustained, or is likely to sustain, any direct injury as a result of these past events, which as pleaded, did not involve him personally. Indeed, Plaintiff admits that he is "not alleging personal financial or physical harm," but has instead "witnessed—and [is] gravely concerned about—widespread government actions that threaten the core liberties of millions of Americans." *See* Compl. at 9. To that end, he attempts to bring this action as a "U.S. citizen and public advocate (acting in the public interest for the protection of constitutional rights)." *See id*. at 1. But "a plaintiff raising only a generally available grievance

about" the government or its officials, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Where, as here, a "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

For these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion for CM/ECF Password, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: September 4, 2025

_____/s/_____
JIA M. COBB
United States District Judge